UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES SLENCZKA, ET AL.,

    Plaintiff(s),

v.

CENTRAL STATES, S.E. & S.W. AREAS
PENSION FUND, ET AL.,

    Defendant(s).
                                       /

Case No. 03-74257

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND [39]
AND DENYING DEFENDANTS' MOTION TO LIMIT REVIEW TO
ADMINISTRATIVE RECORD [40]**

There are two matters before the Court: Plaintiffs' motion to amend the complaint and Defendants' motion to limit review to administrative record. For the reasons stated below, Plaintiffs' motion is GRANTED and Defendants' motion is DENIED.

**I.   Background**

Defendants Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds (the "Funds") are not-for-profit, multiemployer, employee benefit plans and trusts.[1] Plaintiffs are or were employed by Landstar Ranger, Inc. ("Landstar"), a company which formerly contributed to the Funds on behalf of its employees.

---

    [1]    Members of the Board of Trustees of the Funds are also named as defendants in this action.

On April 16, 2001, Plaintiffs filed an action in this Court against Landstar alleging violations of the Age Discrimination in Employment Act of 1967.[2] The Court eventually granted Landstar's motion to dismiss. *Slenckza v. Landstar Ranger, Inc.*, Case No. 01-71482 (January 16, 2003 Order). On July 18, 2002, Plaintiffs filed an action against the Funds. On February 14, 2003, Plaintiffs filed a voluntary dismissal without prejudice. Plaintiffs filed this action against the Funds on September 19, 2003. An amended complaint[3] was filed on January 15, 2004.

## II. Plaintiffs' Motion to Amend the Complaint

The first amended complaint contains eight counts brought pursuant to:

- (i) ERISA § 502(a)(1)(B), to enforce their rights under the benefit plans;
- (ii) ERISA § 404(a)(1), for breach of fiduciary duties;
- (iii) ERISA § 203(a), for unlawful forfeiture of an accrued benefit;
- (iv) ERISA § 406, for a prohibited financial transaction;
- (v) 29 C.F.R. §1.412, for prohibited funding methods;
- (vi) Internal Revenue Code § 411, for age discrimination;
- (vii) ERISA, for a violation of the Collective Bargaining Agreement Plan Documents; and
- (viii) ERISA § 510, for interference with protected rights.

(First Am. Compl. ¶¶ 29-62.)

Plaintiff filed a motion for leave to file an amended complaint on May 20, 2005. The amended complaint does not contain Counts (iii) and (iv)–*i.e.,* the ERISA §203(a) or § 406 claims–or Count (vii). (Pl.'s Ex. A "Proposed Second Am. Compl.") It does not contain any

---

[2] In their amended complaint, Plaintiffs also alleged violations of Racateer Influenced and Corrupt Organization Act. The parties stipulated to a dismissal of these claims however. *See Slenckza v. Landstar Ranger, Inc.*, Case No. 01-71482 (January 16, 2003 Order).

[3] The amended complaint removed allegations against the individual trustees for personal liability.

2

new counts or rely on additional statutes or regulations.  By amending paragraphs in the "FACTUAL BACKGROUND" section and Count (ii), it does allege an additional breach of fiduciary duties.  (Proposed Second Am. Comp. ¶¶ 28-30, 39(g).)

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires.  See FED. R. CIV. P. 15(a).  However, a motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.  See Foman v. Davis, 371 U.S. 178 (1962).  Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)(quotation and citations omitted).

Defendants first argue that the amendment would result in undue delay.  They cite three reasons: this is Plaintiff's third action dealing with the same issue (and the first was filed four years ago, in 2001); discovery closed on January 31, 2005; and, Plaintiffs knew about the facts which create the alleged violation, it was only Plaintiffs' counsel that did not find out until recently.

The Court notes that delay alone is not sufficient to deny a motion to amend the complaint; there must also be prejudice to the defendant.  See, e.g., Security Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc., 64 F.3d 1001, 1009 (6th Cir. 1995)("Delay alone, however, does not justify the denial of leave to amend.  Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail.").  Thus, the

Court considers Defendants' arguments about delay in conjunction with their claims that they have been prejudiced.

Defendants contend that they would be prejudiced by an amendment because discovery has closed. While this may be true, any prejudice suffered in delay does not outweigh that which would be suffered by Plaintiff. The Court further notes that Plaintiffs are not adding a new type of claim; but rather, based on newly discovered evidence, they allege an additional, specific breach of fiduciary duties–a narrow contention.[4] Thus, the Court finds that the possible need for some additional discovery in this case does not warrant the denial of Plaintiffs' motion to amend their complaint.[5]

Defendants next argue that the amendment would be futile because the three year statute of limitations would bar the claim. Plaintiffs respond that the claims did not start to accrue until 2002; thus, the claims are not time barred. The Court does not find it necessary to delve further into the parties' arguments regarding this issue. It is not clear that the statute of limitations prevents Plaintiffs from adding this claim to their complaint. If it is time barred, the issue may be more thoroughly addressed by the parties in a motion for summary judgment. Therefore, Plaintiffs' motion to amend their complaint is granted.

---

[4] Specifically, Plaintiffs allege that a February 7, 1995 letter from the Fund's manager, William Topel, inaccurately stated the rule regarding the consequences of involuntary termination.

[5] The other reasons cited for undue delay noted above, even if true, also do not inherently create prejudice to Defendants and thus, do not warrant the denial of Plaintiffs' motion to amend.

**III.   Defendants' "Motion to Limit Review to the Administrative Record"**

The parties have disputed what is necessary for discovery in this case since its inception. Defendants contended that discovery is unnecessary; they argue that, because Plaintiffs' claims are based on ERISA, only a review of the administrative record is necessary. So, on September 14, 2004, Defendants filed a motion for a protective order requesting that Plaintiff be barred from requesting discovery materials. This motion was referred to Magistrate Judge Pepe, who held a hearing on the matter on November 5, 2004.

After lengthy debate between the parties, the Magistrate Judge noted as follows: "I do think some limited, discrete, and manageable discovery ought to be allowed in order to frame the legal issues for full resolution . . . ." (November 5, 2004 Hearing Tr. at 21.) The Magistrate Judge then required (1) Plaintiffs to put together a list of the necessary material, (2) Defendants to determine the availability and burdens of producing the material, and then (3) the parties to confer and attempt to resolve any disputes. (Id.) The Magistrate Judge scheduled a follow-up hearing to resolve any unresolved issues. This follow-up hearing occurred on November 16, 2004. One week later, a stipulated order was entered requiring Defendants to turn over documents and produce a witness for a deposition and providing that discovery would end on January 31, 2005. The order also stated that Defendants' motion for protective order was denied without prejudice as moot.

Then, on May 24, 2005, Defendants filed the same motion, this time titled "Motion to Limit Review to the Administrative Record." Defendants do not rely on any Federal Rule of Civil Procedure or Local Rule of this District that permits the Court to rule on such a motion. As noted above, discovery on this matter is closed. If Plaintiffs attempt to reopen

discovery and seek additional materials, Defendants' arguments about the scope of permissible discovery would be appropriate in their response. Or, if no facts can be debated, Defendants could file a motion for summary judgment pursuant to Fed R. Civ. P. 56; this motion may also require the Court to rule on the issues presented. However, as neither scenario has occurred, the arguments are not ripe for consideration.[6] Thus, Defendants' motion is denied.

**IV. Conclusion**

For the reasons stated above, the Court hereby orders that Plaintiffs' motion to amend their complaint is GRANTED and Defendants' motion is DENIED.

SO ORDERED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: August 4, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2005, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager

---

[6] In their motion, Defendants also request that the Court rule whether an arbitrary and capricious or a de novo standard of review applies; Defendants argue that the Court must use the former. In the November 5th hearing before the Magistrate Judge, Defendants conceded that "the standard of review may . . . not [be] something that we have to resolve at this juncture." (Id. at 12.) The Court agrees and does not see why anything has changed. As noted above, there is not a pending motion for summary judgment (or anything else) which requires the Court to make this determination.

discovery and seek additional materials, Defendants' arguments about the scope of permissible discovery would be appropriate in their response. Or, if no facts can be debated, Defendants could file a motion for summary judgment pursuant to Fed R. Civ. P. 56; this motion may also require the Court to rule on the issues presented. However, as neither scenario has occurred, the arguments are not ripe for consideration.[6] Thus, Defendants' motion is denied.

**IV. Conclusion**

For the reasons stated above, the Court hereby orders that Plaintiffs' motion to amend their complaint is GRANTED and Defendants' motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 4, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[6] In their motion, Defendants also request that the Court rule whether an arbitrary and capricious or a de novo standard of review applies; Defendants argue that the Court must use the former. In the November 5th hearing before the Magistrate Judge, Defendants conceded that "the standard of review may . . . not [be] something that we have to resolve at this juncture." (Id. at 12.) The Court agrees and does not see why anything has changed. As noted above, there is not a pending motion for summary judgment (or anything else) which requires the Court to make this determination.